We have two cases set for argument today. The first case is in the matter of Royal Alice Properties v. Royal Street Bistro. And counsel, are you ready to proceed? Yes, Your Honor. Okay. I don't know why I didn't bring my security blanket with me. That's so funny. It must have been eavesdropping, because we just said we've had our security blankets too. This is a tough one because I tried to figure out should I use my iPad and just look at that or should I go the old-fashioned way? And I just went the old-fashioned way. Whatever makes you feel more. I wanted a security blanket anyway. Thank you very much, Your Honor. May it please the court, Philip Stillman for Royal Alice Properties v. Apollo. The first thing I want to address is the dismissal of the appeal from the district court. And the district court, in holding a failure to attach a copy of the judgment to the notice appeal within 14 days of filing, required dismissal of the appeal. Clearly, 8003A2 requires that, as a procedural matter, that the judgment be attached and those orders otherwise being appealed from, but it does not affect the validity of the appeal. And it makes sense from a practical standpoint because in the bankruptcy context, there are many orders that come up to the district court on an appealable basis that are not normally appealable from the main case, sometimes the adversary proceeding. So, it may be a procedural rule, but it has to be, obviously, it has to be a follow-up. Now, the Cleveland Imaging case, which is relied upon the district court, it is simply not accurate and applicable in this case because in the Cleveland Imaging case, the appellant filed a notice of appeal, didn't attach the judgment, and filed it in the wrong case. So, I mean, and we all know, I mean, there's the main bankruptcy case and adversary proceedings are two separate issues. And so, in that case, instead of filing it in the notice of appeal in the adversary proceeding, he filed it in the main case, and although certainly the court could have overlooked that issue, but because that coupled with the fact that the order wasn't identified being appealed, it was dismissed. So, Cleveland Imaging is a completely different situation than we have here. In here, the judgment was entered in, sorry, the judgment was entered in a timely way, August 29th, the notice of appeal was filed six days later, approximately, and the notice of appeal in this case was very detailed. It identified the order, the judgment. It was filed in the right case. It identified the judgment. It identified the ECF number of the judgment. It identified each of the subsidiary interlocutory orders merged into the final judgment that were being appealed, and the ECF filing numbers for those cases. Now, so from a practical standpoint, there's no question what was being appealed from in that case, unlike, for example, in the Cleveland Imaging case. And I'll just make note of the fact that 8003A7 prohibits the dismissal of appeal for failure to properly identify a judgment or appealable order. If the notice of appeal was filed after entry of the judgment, it identifies the order merged into the judgment or appealable order. So I think it shows an intent to overlook this kind of very technical issue. And as a practical matter, even so, the error was corrected by the district court clerk the day after the filing. So on September 6th, the filing was on September 5th. September 6th, the clerk actually attached all the proper judgments. And then, of course, the appellant filed an amended notice of appeal and also attached the same judgments. And listed, and we received notice from the court, the district court, deficiency satisfied. Mr. Oh, go ahead. I'm sorry. Same question. Mr. Stillman. Yes. If the clerk pointed out the error and invited your client to correct it, why didn't your client simply correct it? Why wait two weeks and then correct it without explanation? Your Honor, I'll be quite frank as I have to be with the court. I was on a dive boat, scuba diving in the middle of the ocean, and I didn't get, and I had no idea that this was even received until later when I sent it to the client, and then we then corrected it. But at that point, Your Honor, we already saw that the clerk had actually attached the correct orders, and when we filed it, the clerk marked it deficiency satisfied. And so there was no real reason, or I didn't think there was a reason in the exercise of my judgment, maybe I was wrong, to file some sort of a motion to accept the late amendment after that two-day period had expired. But, and obviously it was by us as the appellant who was not corrected within two days, but it was a harmless error because it was corrected within a very, very short time. And so when you, I look at this other issue, which is, I mean, I'll just say this. The Cleveland imaging case, you know, people, it's been cited, and in the District of New Hampshire in 2023, in a very similar case, much more factually analogous to this case than the Cleveland imaging case, there the district court distinguished Cleveland imaging and rejected dismissal of the appeal because, and I'll just quote, bank's failure to attach a copy of the challenged order to the notice of appeal does not deprive this court of jurisdiction, where the notice of appeal was unambiguous about the order being appealed and the notice of appeal transmitted to the court, to this court, contained the copy of the order. So it was a harmless error. Well, let's come back to the failure to comply with the clerk's directive. The district court pointed out in its order dismissing the case that the appellants provide no reason justifying their failure to timely comply with the federal rules. So you've explained to us today why the error wasn't corrected, but was it ever explained to the district court? It wasn't. We filed our notice of appeal, we appealed that dismissal to this court, and as I said, when we received the statement from the clerk saying deficiency satisfied, remember, the notice of appeal filing is the jurisdictional issue. These procedural matters are not jurisdictional. And so, although 8003 specifically contemplates the idea of the ability to dismiss, that is simply, then that decision by the district court is governed by this court's ruling in in re CPD. And in re CPD, although it did not adopt a specific set of elements that you have to show, it did cite many cases from other circuits which do, and it held, excuse me, that a drastic sanction requires proof of prejudice or harm to the adversary and obstinate dilatory actions. So if you look at, so this court is bound by in re CPD, and if the district court was going to dismiss the appeal on that basis, it had to find some sort of prejudice, which there was none, because it was only, it was only a matter of days. I mean, nothing had been done except the notice of appeal. Every other aspect of perfecting the appeal was finally done. And so there's no conceivable prejudice or harm to Arrowhead. There's not even any conceivable prejudice or harm in that minor way. Would you bring that back? Either that or I'm going to have to keep my hands like this. In any event, so, could the district court have seen the failure to correct the error as ordered for a couple of weeks as obstinate? I don't think so, Your Honor. I mean, when you take a look at some of the cases that have decided this issue, such as in re CPD, I mean, in that case, I think there were 10 separate reasons that the court enumerated in order of, you know, 10, nine, eight, seven, six, four, and found that despite all of those procedural issues that hadn't been complied with, it still needed to, the court still needed to find some sort of prejudice or harm and obstinate dilatory actions. And with all due respect to the district court, I don't think there's any way that you could say that a short delay of that length when the deficiency is then marked corrected could constitute an obstinate dilatory action. And so I think that the district court abused its discretion in that issue. And it seemed, in fact, to conflate two different concepts, the time within which a notice of appeal must be filed and the time when a deficiency is corrected. And it seemingly said, well, the notice of appeal, the deficiency wasn't corrected until six days after the 14-day period had run, and therefore, it was not jurisdictional compliant. And that's just not the case. I'd like, unless the court has any questions on that, I would like to switch to the subject matter jurisdiction issue, which I think is a significant one. The bankruptcy court granted a summary judgment on Arrowhead's complaint and intervention. And that was not the complaint that was filed by the trustee. Arrowhead received an assignment of one claim of the trustee and then filed a complaint and intervention which brought entirely new claims against Royal Street Bistro, who is not the debtor. The trustee had made no claims against Royal Street Bistro. And although Arrowhead had an assignment of the trustee's claim on that issue, on its complaint, it never brought a claim, the trustee never brought a claim against RSB. Now, a complaint and intervention is fine, but it's gotta satisfy its own independent basis for federal jurisdiction. And this court, in a non-bankruptcy context, that's Griffin v. Lee in 2010, the court found a complaint and intervention has to establish an independent basis for jurisdiction. And here- Even if we agree with you that this case should be reversed and remanded, why would we reach the subject matter jurisdiction issue? I'm sorry, I- If we agree with you that the case should be reversed and remanded, why would we reach the issue of subject matter jurisdiction? That was not- Sure, the reason is that on an appeal from the district court, the district court has carried, the decision carries no weight, the opinion carries no weight. This court has before it, it's not a factual issue, it's a legal issue, and this court has before it the entire record to determine that there was no independent basis for the complaint and intervention in the bankruptcy court. So to just remand it back to the district court for finding, really is not judicially efficient since all the issues are fully briefed before this court. But aren't we a court of review, not first view? Well, in terms of subject matter jurisdiction, of course it can be raised at any time, even at the Supreme Court, as we saw in Atchison v. Loeffer, Atchison Hotels. So I think that as a practical matter, you can, in this instance, given the lack of jurisdiction, the issue being lack of subject matter jurisdiction, I believe that the court can and should make that determination since it has a fully briefed record before it. And to more to that point, if the complaint and intervention doesn't fall within one of the three enumerated statutory bases for jurisdiction in the bankruptcy court, it doesn't, there's no jurisdiction. And in this case, the Arrowhead complaint was between two non-debtor third parties. It had no effect on the bankruptcy estate whatsoever, and it raised only state law claims. So there's no related to jurisdiction. And the first in time type of concept doesn't apply here. Because Arrowhead's, even if you look at the first in time complaint, it didn't establish, there was no subject matter jurisdiction at that time. And my colleague argued that RSB consented to the federal jurisdiction. Well, we all know you can't consent to federal jurisdiction. You can't create federal jurisdiction, and you can't waive federal jurisdiction. It is what it is. And the district court, I mean, it seemed like the court relied on double energy, which is a different kind of case. Double energy doesn't apply. It was actually, it was a case where a debtor in possession assigned the claim to a third party, and the third party litigated that claim that was already had related to jurisdiction because it affected the bankruptcy estate. So the argument there that it was trans, that because of the mere assignment from the debtor in possession or the trustee to the third party, somehow destroyed the existing jurisdiction, that's not the case we have here. We have a case where from the inception, it doesn't, it needed its own basis as a complaint, as a complaint and intervention. So I think since it rests on the notion that once a federal court has jurisdiction, subject matter jurisdiction, it retains that throughout the case. I think that's actually incorrect. There are, for example, I do a lot of ADA litigation, Americans with Disabilities Act, and it's common in ADA litigation to argue that where injunctive relief was the only remedy, if the defendant repaired whatever was defective, that moots the claim. The court loses jurisdiction. We've won that type of argument many times. So for those reasons, your honor, I would not only request that the court reverse the dismissal of the appeal, but we also ask in the first instance here, that the court determine that the bankruptcy court never had subject matter jurisdiction over the complaint and intervention. Thank you very much, your honor. Thank you. And I won't hit the microphone anymore. We'll see you on rebuttal. Mr. Cogen. Yes, your honor. Thank you. And I appreciate the fact that you're asking questions. I spent a day traveling yesterday to come here from Pennsylvania. I will be spending a day going back to Pennsylvania. And it's nice to know that I have a chance to answer your questions, which I believe really should be the purpose of oral argument. I'm going to address the two questions that were brought before you. The first is, did the district court properly dismiss the appeal? And you're right. If that answer is it properly dismissed the appeal, we're done. Second question is, if you don't dismiss the appeal, was there subject matter jurisdiction? And of course, there was. I'm going to give you a lead in to that argument. I'll go back to the first one in a minute. My colleague here said, everybody knows there's no federal jurisdiction by consent. You all heard that. That's true in Article III courts. It is not true in bankruptcy court, which is not an Article III court. And we know that because the Supreme Court, the one in Washington, in wellness, specifically said that the parties can consent expressly or implicitly to jurisdiction of the bankruptcy court. There is no reason for my colleague to ignore that case, which has been argued below. It was argued in the bankruptcy court. It was cited in the bankruptcy court. It was argued in the district court, but the district court didn't have to get to it. But I'm going to go back from that argument. I just wanted to show you the frivolous nature of what you're hearing. I want to go back from that to the first question that was raised, which was, did the district court correctly decide that there was no proper appeal? And therefore, the district court lacked jurisdiction, either jurisdictionally or because she, as a matter of discretion, found they hadn't properly filed the notice of appeal. Now, my colleagues over here have filed many appeals in bankruptcy court. And the judge mentioned that. Mr. Hoffman, the principal, is a Yale Law School graduate. Mr. Stoneman has filed several appeals, at least two of which have reached this appellate court. So they know how to file an appeal. And they're sophisticated. This is not a question of some poor fellow who doesn't know how to operate in bankruptcy court. They do. And the district court said also, you got a two-day notice from the clerk of courts. Why didn't you comply? And Mr. Stoneman's argument now, which he didn't make in the district court, was that he was on a dive. Well, that doesn't get around the fact that he didn't do it right the first time. And now we face a problem of what does a rule say? And remember, there are two rules that govern the bankruptcy appeal. Rule 8002, which is the timing rule, and 8003, which says what must be in the notice of appeal, and defines that three things in the notice of appeal. The notice of appeal, the opinion that must be attached, and the word is must be attached, and the payment. And the clerk of courts said, you didn't comply. You have two days to comply. A notice of appeal in bankruptcy court, unlike typical federal courts, gives you only 14 days to file, to do it correctly. And they didn't do that. And the district court was correct in saying, you knew the rules, you're sophisticated, you got notice from the clerk, you didn't comply. And we could end there, because that was her discretion to say you didn't comply. There's no, but there's one better reason as well. Rule 8002D provided an exception they could have used. 8002D says the bankruptcy court may, on the motion, extend the time to file a notice of appeal if the motion is filed, A, within the time allowed by the rule, well, that didn't apply, or B, within 21 days after that time expires, if the party shows excusable neglect. So there was a built-in exception in the rule. And you will notice in all the briefing that appellant has filed in this court, they never once mentioned rule 8002, and they never mentioned that exception in D. Instead, they want you to engraft a new rule. Why? Because they didn't get it right. Why didn't they comply with 8002D? They were on notice. Now, let me remind you that in bankruptcy, there's different requirement for a notice of appeal with a good reason. In a bankruptcy case, and this starts as a chapter, becomes, starts as a chapter seven, becomes a chapter 11, and was a chapter 11 at the time. In a chapter 11 case, there can be tens or hundreds or thousands of creditors who are parties in interest. I happen to do a lot of work for the Philadelphia Volunteer Lawyers of the Arts. And I can tell you that when the various people involved get a notice from a bankruptcy court, they haven't the vaguest idea what it's about. And they can't afford a bankruptcy attorney, which is anywhere from two to $500 an hour or maybe more. So what do they know when they get the notice of appeal? If they get the copy of the document attached that was the appeal judgment, they know what was appealed. If they don't get it and they only get the docket number, the only way they will know what was appealed was to go on PACER. Do you think they know PACER? Well, Mr. Golden, how do you respond to the argument on the other side that the notice of appeal in this case was very detailed and specifically stated the judgment, the date of the judgment, and all of the orders merged into that judgment that were being appealed? It didn't say all those things. So I invite you to go back to the notice of appeal. I have it right here. Appellant, appeal the judgment entered on August 29th, 2024 ECF number 211. And ordinary people wouldn't have the vaguest idea what that means. Is that the standard? That an ordinary person needs to- Ordinary creditors, ordinary the thousands of people that are typically in a bankruptcy setting. That's why the rule had a meaning. That's why the rule wanted a copy of the order attached so that the ordinary person knows what's being appealed. Ordinary person doesn't know what a docket number is. Well, you argue that the other side were sophisticated parties who filed lots of notices of appeal. Are you, is your client also a sophisticated party that receives a lot of notices of appeal and knows exactly what this means? Do I? Yes. But remember the rule you're going to create here is going to be read in all bankruptcy cases. So why would you not follow the rule set forth in 2002D which gave them option out? Seems like the rule has already been stated. Are you familiar with our court decision in Reserta? Pardon? Are you familiar with our recent decision in Reserta? Yes, I am. And I'm glad that you asked that. Why does that not control? Because that was an appeal under section 158. That was a certified appeal. If you need the page number, I'll be glad to give it to you. I do not. You can continue with your argument. Okay. If you notice, when they describe that appeal, they also say all the parties had consented to the appeal in the bankruptcy court below. So all the parties had already consented. Are you aware of any binding authority that states that the failure to attach the judgment to a bankruptcy notice of appeal under these circumstances is jurisdictional? Yes. And that was the decision that was cited first there in Cleveland Imaging. And there's a number of decisions that follow that. And similarly, the abuse of discretion decision was in Ray, I'm not sure I can pronounce it right, Mahavedan, which we cited in our papers. So yes, I mean, this is not an ordinary case in that what you say will affect bankruptcy decisions, at least in this Fifth Circuit, and perhaps elsewhere. There is no provision in 8002 for a technical default. There is a provision for a cure for good cause shown. Is there any prejudice that filing seven days late would produce? Sure, particularly with this group of people, because they almost always file late, which is why they get a lot of their appeals bounced. Delay, it delays the whole process. Delays my ability to stop. Seven days? Seven days does. That's a week we can't collect. And why shouldn't that be prejudicial? After all, in Rule 200D, they had an opportunity to correct for good cause shown. All they had to do is show good cause. So why would you not follow that rule? Now, can I turn to the substantive, or do you want to ask further questions about that? Yes, I would like to know what the prejudice was to your client. Time. Time. Seven days. That's prejudice. How so? Because we can't collect. And if in fact it was a late filed appeal, we shouldn't be here. We've spent two years now trying to collect an August 29, 2022 judgment. We've spent thousands and thousands of dollars of time. I have had to file a brief with this court, and I had to do that using a filing company, and that's thousands of dollars. I've had to fly back and forth, and that's prejudice. So yes, there's enormous prejudice. Bankruptcy runs on a time schedule, and if you're not willing to follow that time schedule, Lord help us, because everyone is going to claim there's a technical violation that they don't have to comply with. So there's a much bigger issue here than just the issue of seven days. It is a question of, are you going to follow the rules? And if you're not going to follow the rules, the bankruptcy rules, which ones will you follow? Because you're going to create an enormous amount of litigation. Now, am I able now to turn to the substantive issue? You may proceed now. Okay. I started by pointing out that wellness specifically said that bankruptcy courts had jurisdiction over matters when the parties expressly or implicitly consented, but I also, in that same realm, bankruptcy courts have jurisdiction when the parties have filed an appeal and waived objection to jurisdiction. Now, in the original Rule 2019 Compromise, the Chapter 11 trustee was pursuing claims for unpaid post-petition rent and otherwise against Picture Pro. And my client was pursuing claims against the Chapter 11 trustee on a different basis. The Chapter 11 trustee and my client agreed that the best thing we could do for the estate as well as for ourselves was for the trustee to give up the claims against Picture Pro and Royal Street Bistro, which are affiliated with Indian companies, and for my client to give up its claims against the Chapter 11 trustee. The bankruptcy court reviewed that and found that it was fair and equitable and in the best interest of the estate. As part of that deal, I specifically negotiated and required that the bankruptcy court, which was familiar with those claims, retain jurisdiction over the rent and other claims against Picture Pro and Royal Street Bistro, which were being assigned. And I also conditioned that settlement on if the bankruptcy court didn't agree to that, we weren't going to enter the settlement. It was required that the court enter a specific kind of settlement agreement, which the bankruptcy court did. And Picture Pro and Royal Street Bistro appealed that Rule 9019 compromise, including all its provisions. They failed in the district court. That was one appeal they didn't take to the appellate court, to the Fifth Circuit. So that decision and that Rule 9019 compromise order are res judicata. They're done. Nonetheless, they keep raising that in the bankruptcy court, in the district court, and with you here. And they almost never mention the fact that it was a Rule 9019 compromise. It was done for the benefit of the estate. It specifically included the consent to jurisdiction in venue in our enforcement. And that they lost in the district court. And that it's res judicata. They also claim that there were no consents. And I see I have a two-minute warning now. That there were no consents ever made to jurisdiction. In fact, I have counted a total of eight different times they consented. The first time is when they stopped the appeal. Didn't appeal to the Fifth Circuit. The second time is in which they didn't appeal the bankruptcy's court subsequent decision that it retained jurisdiction. The third time was their September 14, 2022 motion for redemption, which Picture Pro filed in this court, filed in the bankruptcy court, lost. In the district court, lost. And then in this appellate court, lost. Then Picture Pro and Royal Street Bistro on November 17, 2020, filed a motion to dismiss Arrowhead's complaint. So that was the fourth time they consented to jurisdiction. Then on January 23, 2024, they filed an answer to Arrowhead's complaint. And by they, I mean Picture Pro and Royal Street Bistro, in which they asserted multiple affirmative defenses. And the bankruptcy court found that was also a consent to jurisdiction. Then they also had Picture Pro had also filed with the original action against it. It had filed a consent to jurisdiction as well that the bankruptcy court cited. Then as a seventh, Picture Pro and Royal Street Bistro on July 8, 2024, filed their motion for summary judgment in the bankruptcy court. And that's a consent to jurisdiction. They lost. And finally, they filed their notice of appeal, which wasn't even proper. That's eighth try. So how many tries do they get? When is enough enough? Remember, if you've looked at the papers, these people have filed countless appeals, lost countless appeals, been sanctioned for frivolous and serial appeals. When does it stop? Thank you.  Mr. Stoneman, you have five minutes. I just quickly hit a couple of points. Mr. Golden confuses prejudice, as the term is used in In Re CPCD, with the prejudice from having a litigated case. And that's not the same. What the court asks is, what prejudice did his client suffer as a result of the, it was actually a six-day delay after the appellate decision, I mean, after the 14 days. But you asked what prejudice his client suffered from that six-day delay, and there is none. He didn't have any answer for that, because there is no prejudice. And as I said in my opening statement, this is not a case where, this is a very short amount of time. It's a procedural issue. Yes, I recognize that. But it's a no harm, no foul situation. As you pointed out, Judge Ramirez, the notice of appeal is absolutely crystal clear on the ECF numbers, the date of filing, the orders. There is no question what's being appealed, and it was corrected before the district court ever had to do anything. You're saying it's not jurisdictional. I'm sorry, Your Honor? You're saying it's not jurisdictional. Absolutely not. 8003 says that anything other than the timely filing of the notice of appeal doesn't affect the validity of the filing of the appeal. I mean, it doesn't affect the validity of the appeal. And what is the prejudice by filing seven or 10 days late? I'm sorry, Your Honor? Sorry, I didn't hear you. Sorry, what is, if any, is the prejudice for filing seven to 10 days late? Well, there is none. I mean, it doesn't affect the proceeding, the processing of the appeal. It doesn't affect notice to anybody. It doesn't affect the district courts working up the appeal. It's an extremely short timeframe. And every other aspect, all the procedural things that go into an appeal of a bankruptcy court decision were all complied with in a timely way. And again, when we got the bankruptcy court clerk stamped it as deficiency satisfied. So when that deficiency was satisfied, and it was such that short amount of time, it never occurred to me that there was any other problem. That was the end of the problem, as far as I knew, until the district court issued its dismissal order because of this. So given that this is a procedural issue, the plain language of Rule 8003 specifically says the only jurisdictional issue is the time of the filing of the notice of appeal. And that was clearly timely. And that's universal. It's not just in bankruptcy court. Mr. Golden refers to 8002D. And I wasn't really following that because 8002D applies to, it talks about extending the time within which to appeal. That's not the situation. We're not looking for extension of any time within which to appeal. The appeal was timely filed in the first instance. Mr. Stillman, would you address Mr. Golden's position that this court's decision in N. Ray Serta-Simmons' bedding is not applicable? Well, I don't see how it can't be. This is not a jurisdictional question because of the plain language of the rule. So I don't see how it doesn't apply. But neither, even though it had come out at the time that the briefing was not yet complete, neither side cited it. So he says it doesn't apply here. Can you tell us why it does or doesn't? Your Honor. Are you familiar with N. Ray Serta-Bedding? The problem is I don't remember the facts of that case in all honesty. So I don't wanna start talking out of school about it. I mean, I do recognize the name. I just don't remember the facts of that case. And if the court would like a supplemental letter on that issue, I'm happy to provide it. But at this time, I don't feel comfortable making an opinion to the court on that issue. And the other issue is, I mean, you know, when you're looking at a dismissal of an appeal, I mean, this is a serious business. And it doesn't create, unlike what Mr. Golden is arguing, it doesn't create new law. It applies the existing law. And you have to show, just like any kind of time when the court decides that it's going to dismiss a case, let's say for sanctionable conduct. Let's say it's a rule, you know, there's some violation of a court order, and it's under 41B. Sometimes the court always has to weigh the applicable sanctions and tailor those to the case. And it's just common knowledge, and I think throughout the country, in all circuits, that if you cannot sanction, impose a sanction, that goes far beyond, it's more than remedial, that it becomes punitive. And here you have what is literally a punitive sanction by dismissing this appeal with no real showing of prejudice, no real showing of misconduct by either me or anyone else, and in a very, very short delay. And so, oh, thank you very much, Your Honor. I ask that the court reverse the dismissal and decide on the first instance subject matter justice. Thank you very much. The next case up is U.S.